UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| CARMELINO SANCHEZ-RODRIGUEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 2:12-cv-00013 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Carmelino Sanchez-Rodriguez, a federal prisoner presently housed at the Federal Correctional Institute in Marianna, Florida, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct an allegedly illegal sentence imposed by this court on February 17, 2011. (Docket No. 1).

**I.     Procedural Background**

On October 20, 2010, a federal grand jury in the Middle District of Tennessee charged the movant with a one-count indictment of illegal re-entry by a previously deported aggravated felon in violation of 8 U.S.C. § 1326(a) and (b)(2). *United States v. Sanchez-Rodriguez*, No. 2:10-cr-00013 (M.D. Tenn. 2010)(Trauger, J.). On December 6, 2010, the movant entered an open plea of guilty to the charges. (Docket No. 15 in Case No. 2:10-cr-00013).

In connection with the movant's sentence, the United States Probation Office prepared a Presentence Report (PSR), which calculated an advisory sentence under the Guidelines.[1] The PSR

---

[1] The PSR has not been made part of the record in the movant's criminal case. The government has submitted it in this case under seal for the court's review. (Docket No. 17, sealed).

1

established a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), which it then increased by sixteen levels based upon Sanchez-Rodriguez's prior felony conviction. U.S.S.G. § 2L1.2(b)(1)(A)(ii). Following a three-level reduction for acceptance of responsibility, Sanchez-Rodriguez's total offense level was twenty-one. With a criminal history category of II, the applicable advisory guideline sentencing range was imprisonment of 41 to 51 months. U.S.S.G. § 5A. (Docket No. 17, sealed).

The sentencing hearing was conducted on February 18, 2011. (Docket No. 21 in Case No. 2:10-cr-00013). Neither the government nor the movant filed any objections to the calculations contained in the PSR. (*Id.*) The court sentenced the movant to a term of thirty-six (36) months, a below-guideline sentence. (Docket No. 23 in Case No. 2:10-cr-00013).

The movant did not file a direct appeal.

## II.     The Instant Motion

On February 17, 2012, Sanchez-Rodriguez filed the instant *pro se* motion to vacate, set aside, or correct his sentence and conviction. (Docket No. 1). The movant presents three grounds for relief. First, he alleges that he should not have received a 16-point enhancement because his previous conviction of statutory rape did not constitute a "crime of violence." Second, he alleges that he is not guilty of the crime for which he has been convicted and sentenced because the "Stipulated Removal" which formed the basis of the "previously deported" element of the charged offense cannot be used as a predicate offense. Third, the movant alleges that his attorney[2] provided ineffective assistance of counsel because he failed to conduct an adequate investigation into the circumstances under which the movant's conviction occurred and because the attorney failed to

---

[2] The movant was represented by James A. Simmons.

2

investigate the facts to which the movant entered a guilty plea. The movant names the United States of America as the respondent. (Docket No. 2).

Upon receipt of the motion, pursuant to Rule 4, Rules– Section 2255 Proceedings, the court conducted a preliminary examination of the motion and determined that it was not readily apparent on the face of the motion that the movant is not entitled to relief. (Docket No. 3). Accordingly, the court entered an order on February 29, 2012, directing the respondent to answer or otherwise respond to the motion. (*Id.*) The respondent filed a response, urging the court to deny the motion and dismiss the action. (Docket No. 14). The movant filed a reply to the respondent's response. (Docket No. 15).

Having carefully considered the record, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Consequently, the court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules– § 2255 Cases.

**III.    Analysis of the Claims**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United* States, 330 F.3d 733,
3

736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United* States, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

### A. The movant's 16-point enhancement was appropriate because statutory rape is a "crime of violence."

First, the movant contends that the court erred in including a 16-level enhancement for a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the U.S.S.G. in calculating his sentence because the movant's prior conviction for statutory rape does not qualify as a "crime of violence" and therefore cannot constitute grounds for enhancing his current sentence. (Docket No. 2 at pp. 1-2).

Statutory rape is listed as a "crime of violence" under United States Sentencing Guideline 2L1.2. The definition of "crime of violence" was amended in 2003 to include the crime of statutory rape, among others, as a "crime of violence." The Guideline currently reads as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), ***statutory rape***, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state or local law that has an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 app note 1B(iii)(emphasis added).

The movant was convicted of statutory rape on August 27, 2008. The PSR indicates that the

4

movant entered a residence in Smithville, Tennessee and forced a sixteen-year old victim into her bedroom, where he raped her at knife-point. (Docket No. 17 at p. 8, sealed). The movant argues the victim was seventeen, the sexual act was consensual, and physical force was not involved. (Docket No. 2 at pp. 1-2; Docket No. 15 at pp. 1-2). The movant initially was charged with aggravated rape; however, he was indicted and subsequently pled guilty to statutory rape. (Docket No. 17 at p. 8, sealed).

The movant now argues that he should not have received a 16-point enhancement to his sentence in the instant case because his previous statutory rape conviction did not constitute a "crime of violence." According to the movant, an offense is not a "crime of violence" if it does not fall within the referenced federal definition of "crime of violence" **or** if the sentence did not include a term of imprisonment of at least one year. However, the movant misunderstands the law. The definition of a "crime of violence" under the U.S.S.G. specifically includes statutory rape. Further, the movant was sentenced to two (2) years of imprisonment, custody suspended, and given credit for 110 days of jail time. Although the movant did not serve a term of imprisonment of at least one year, he nevertheless was convicted of a felony in the State of Tennessee for statutory rape.

In *United States v. Perez-Velasquez*, 67 Fed. Appx. 890 (6th Cir. 2003), the Sixth Circuit found that a prior conviction for statutory rape does qualify as a "crime of violence" under the federal sentencing guideline that governs offense-level enhancements. *Id*. at 891. In *Perez-Velasquez*, the defendant argued that statutory rape is not covered under the definition of "crime of violence." The Sixth Circuit disagreed with him, however, finding that the defendant's interpretation of the definition was indeed wrong and statutory rape would qualify as a "crime of violence." *Id*. at 891-92. At the time *Perez-Velasquez* was decided, the amendment to 2003

5

Sentencing Guidelines had not yet been enacted; therefore, statutory rape was not listed as a "crime of violence." However, even at that time, the Sixth Circuit found that statutory rape was considered a "crime of violence."

Consequently, the movant's sentence in the instant case was appropriately enhanced by sixteen points as a result of the 2008 statutory rape conviction.

**B. The movant's prior stipulated removal counts for purposes of determining whether the movant reentered the United States as a previously deported felon.**

Second, the movant contends that he is innocent of the charge of illegal reentry by a previously deported felon because his prior removal or deportation violated due process and therefore cannot constitute a prior court-ordered deportation. (Docket No. 2 at pp. 2-4). The movant states that he was previously deported by means of a stipulated removal and that stipulated removals are not valid deportation orders. The movant cites to the Supreme Court's *Mendoza-Lopez* decision, 481 U.S. 828 (1987), in support of his contention. (Docket No. 2 at pp. 2-3).

Title 8 U.S.C. § 1326(d) was amended subsequent to *Mendoza-Lopez* and now requires an alien challenging an underlying deportation to demonstrate that he has exhausted any applicable administrative remedies, that he was denied the opportunity for judicial review, and that the order was fundamentally unfair. *See, e.g., United States v. Gomez-Alvarez*, No. 11-3218, 2012 WL 1949329, at *6 & n.4 (10th Cir. May 31, 2012)(rejecting the movant's claim that his prior stipulated removal violated due process and could not constitute grounds for enhancing his current sentence for illegally reentering the United States after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(1) and (b)(2)). While Sanchez-Rodriguez alleges that his stipulated removal (which formed the basis of the "previously deported" element of the charged offense) violated due process, the movant here has neither alleged nor demonstrated that he exhausted any administrative

6

remedies or was denied the opportunity for judicial review as is required by 8 U.S.C. § 1326(d).

Further, to the extent that the movant attempts to attack the former immigration proceedings that resulted in the order of removal, this court lacks jurisdiction to consider the movant's claims. *See Zundel v. Gonzales*, 230 Fed. Appx. 468, 472 (6th Cir. Feb. 27, 2007). The REAL ID Act of 2005 imposes a judicial review scheme pursuant to which a petition for review in a federal appellate court is "the sole and exclusive means of judicial review" for most orders of removal. 8 U.S.C. § 1252(a)(5). Thus, district courts no longer have jurisdiction over habeas petitions challenging "final administrative order[s] of removal, deportation, or exclusion." *Id.* at 473 (citing *Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006)). Accordingly, to the extent that the movant seeks to challenge the immigration proceedings related to the order of removal, this court cannot consider such a challenge. Further, because the movant's stipulated removal counts for purposes of determining whether the movant reentered the United States as a previously deported felon, the movant is not entitled to relief under § 2255 on this ground.

### C. The movant's attorney provided effective representation.

Finally, the movant asserts two related ways in which he believes that his attorney failed to provide him with effective assistance of counsel. First, the movant contends that his attorney should have argued to the court that the movant's prior stipulated removal could not support a conviction for illegal reentry by a previously deported aggravated felon because the stipulated removal violated due process. Second, the movant contends that his attorney should have argued that the movant was not subject to the 16-point enhancement due to his previous conviction of statutory rape because the statutory rape was not a "crime of violence" and the movant did not serve a term of imprisonment of one year. (Docket Nos. 1 and 2).

7

The Sixth Amendment to the United States Constitution guarantees the right of a person accused of a crime to the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Bell v. Cone*, 535 U.S. 685, 694-95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In assessing performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Reasonable attorneys may disagree on the appropriate strategy for defending a client. *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004).

The prejudice element requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

A court hearing on an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland,* 466 U.S. at 695. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*)). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's

assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

Applying these legal principles to the facts in this case, the court finds that the movant's allegations are without merit. The movant qualified for the 16-point enhancement due to his previous conviction of statutory rape. The movant had been deported from the United States five (5) times prior to the instant offense. The movant neither alleges nor demonstrates that he has sought administrative or judicial review of his prior deportation orders. The movant received a below-Guideline sentence. The movant simply has presented no evidence to show by a preponderance of the evidence that he received ineffective assistance of counsel, given the facts and circumstances of this case. As a result, he is not entitled to relief under § 2255 on this ground.

**IV.     Certificate of Appealability**

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right as to any of his three claims, a certificate of appealability will not issue with respect to any of those claims.

**V.     Conclusion**

Having considered the government's response, the movant's reply to the government's response, and the record, the court can find no reason to vacate, set aside or correct the movant's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge